814 So.2d 1184 (2002)
Franklin Jose CORONA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-485.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
Jeffrey H. Garland of Kirschner & Garland, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Joseph A. Tringali and *1185 Richard Valuntas, Assistant Attorneys General, West Palm Beach, for appellee.
POLEN, C.J.
Franklin Jose Corona timely appeals after a jury convicted him of possession of 20 grams or less of cannabis, use or possession of drug paraphernalia, conspiracy to commit robbery with a deadly weapon, and solicitation to commit robbery with a deadly weapon. Of the several issues raised in this appeal, we reverse on one. We hold the evidence at trial was not sufficient to support Corona's conviction for conspiracy and, therefore, reverse. We affirm his other convictions.
Roy Thomas testified that on the date in question, Corona, Charles Simpson, and an unknown female came to his apartment. Simpson and the female went into another room. Corona then discussed with Thomas and another man, Gary Lambert, a plan to rob a drug dealer named Charles. He even showed them a gun he said he planned to use. Thomas, however, testified he never agreed to commit a robbery and Lambert backed up his story.
Apparently, Corona and Simpson took off after this failed discussion. Police testified that when Corona was stopped later that night, a gun was found in Simpson's front right pocket. Thomas and Lambert identified this gun as the one Corona showed them in Thomas' apartment.
After the state rested, Corona moved for a judgment of acquittal. He argued there was no evidence he conspired to commit a robbery. The court denied his motion.
"The crime of conspiracy is comprised of the mere express or implied agreement of two or more persons to commit a criminal offense; both the agreement and an intention to commit an offense are essential elements." Jimenez v. State, 715 So.2d 1038, 1040 (Fla. 3d DCA 1998) (citations omitted)(not cited); § 777.04(3), Fla. Stat. (1999). The jury may infer from the evidence that a common purpose to commit a crime existed and that the defendant was a part of the plan. LaPolla v. State, 504 So.2d 1353, 1357 (Fla. 4th DCA 1987).
Here, the state did not prove a prima facie case of conspiracy. Thomas and Lambert both testified that Thomas never agreed to participate in the robbery, and there was no circumstantial evidence of such agreement. No one testified as to any conversations or agreements, express or implied, between Corona and Simpson. While Corona and Simpson arrived and left together, there was no evidence they approached Charles the drug dealer or were intending to commit the robbery at that time. There was no evidence that Simpson knew of Corona's intentions. This evidence was, thus, insufficient to meet the circumstantial evidence standard of State v. Law, 559 So.2d 187(Fla.1989), and, as such, the trial court erred by denying Corona's motion for judgment of acquittal.
As to the other issues raised in this appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part.
STONE and GROSS, JJ., concur.